IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01663–REB–KMT

AMMAR RAJAB,

    Plaintiff,

v.

DALE SPRADLEY MOTORS, INC., a Colorado corporation d/b/a Spradley Imports, Inc., and LARRY SPRADLEY, individually,

    Defendants.

## ORDER

This matter is before the court on Plaintiff's "Unopposed Motion to Amend Complaint" (Doc. No. 20, filed November 23, 2010).

Plaintiff seeks to amend his complaint to add an additional claim pursuant to Title VII of the Civil Rights Act of 1964 for race, national origin, and religious discrimination, hostile work environment, and retaliation. Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the

      merits.  In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

The motion to amend is unopposed.  The case is still in the early stages of litigation.  The deadline for the parties to amend the pleadings was set at November 25, 2010; thus the motion is timely.  The court finds no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.  Therefore, it is

**ORDERED** that

Plaintiff's "Unopposed Motion to Amend Complaint" (Doc. No. 20) is **GRANTED**.  The Clerk of Court is directed to file the Amended Complaint (Doc. No. 20-1).

Dated this 29th day of November, 2010.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge